# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM E. MARTIN,**

    **Plaintiff,**

    v.

    Civil Action 2:18-cv-463
    Judge Algenon. L. Marbley
    Magistrate Judge Chelsey A. Vascura

**ROGER WILSON**, *et al.*,

    **Defendants.**

## ORDER & REPORT and RECOMMENDATION

Plaintiff, William E. Martin, a state inmate who is proceeding without the assistance of counsel, brings this action against a number of employees of the Ohio Department of Rehabilitation and Correction and Madison Correctional Institution (collectively "Defendants"), alleging that the prison officials' "unconstitutional practice of dismantling Ohio's post-deprivation remedies" caused him to suffer uncompensated property loss. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of sixty-eight cents in his prison account as of April 23, 2018. That amount is insufficient to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Number A150188) at Corrections Reception Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

In his Complaint, Plaintiff outlines several instances in which other inmates' or prison officials' actions resulted in his loss of property. For each of these instances, Plaintiff details the property he lost and his attempts to utilize the prison's internal grievance procedure to obtain relief for the property losses he suffered.

Plaintiff asserts that this Court has jurisdiction under 42 U.S.C. §1983 to adjudicate his claims because Defendants have "refused to resolve the grievances[s] in question or be fair in any way whatsoever," which he maintains constitutes an unconstitutional "practice of dismantling" post-deprivation remedies. (Compl. 9, ECF No. 1-1; *see also id*. at 14 ("The [ODRC] is engaging in the unconstitutional practice of dismantling Ohio's post-deprivation remedies . . . [w]hen [it] misuses . . . the grievance procedure [to] prevent[] litigants from filing legitimate claims in state court . . . .")

Plaintiff seeks declaratory, injunctive, and monetary relief.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*     \*     \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1]Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

Applying the foregoing, the undersigned recommends dismissal of Plaintiff's Complaint in its entirety.

Even accepting Plaintiff's allegations as true, he has failed to state a claim upon which relief can be granted because he has not sufficiently alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by*

5

*Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Paratt*, the Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. Cf. *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

In this instant case, Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-loss claims as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the

postdeprivation process requirement of the Due Process Clauses."). In effort to satisfy his burden, Plaintiff challenges Defendants' administration of the prison's inmate grievance procedure. (*See* Compl., ECF No. 1-1.) Plaintiff's dissatisfaction with the handling of his administrative grievances, however, fails to state a claim or otherwise satisfy his burden because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Beyond Plaintiff's expressed dissatisfaction with the handling of his administrative grievances, his Complaint contains only "naked assertions," *Twombly*, 550 U.S. at 557, and provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate his property-loss claims.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.**

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this

order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

      /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE