# IN THE UNITED STATES
# DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| **WILLIAM E. MARTIN,** | Case No: 2:18-cv-463 |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| v. | Magistrate Judge Vascura |
| **ROGER WILSON,** *et al.,* |  |
| Defendants. |  |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 4) to the Magistrate Judge's May 15, 2018 Report and Recommendation (ECF No. 3), recommending that the Court dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Upon independent review, and for the reasons set forth below, Plaintiff's Objection is hereby **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. This case is dismissed.

### I. BACKGROUND

#### A. Factual Background

Plaintiff William Martin is a state inmate. (ECF No. 1). Defendants are various individuals associated with the Ohio Department of Rehabilitation and Correction and Madison Correctional Institution. (*Id.*). Plaintiff's claim is comprised of two issues.

First, Plaintiff alleges that Defendant Alexander disposed of Plaintiff's property, declaring it to be trash. (*Id.* at 7). Neither Defendant Alexander nor any other Defendant gave an explanation as to why Plaintiff's property was designated as trash. (*Id.*). In response, Plaintiff filed three Informal Complaint Resolutions (ICRs) to the Deputy Warden of Operations, Defendant Heard, which Plaintiff alleges went unaddressed. Plaintiff subsequently filed an ICR

with Defendant Brown, and later a Theft and Loss (T+L) Report. Plaintiff then attempted to file a grievance form but was barred from doing so due to a mandated time limit, which Plaintiff contends was unconstitutional due to the principle of equitable tolling. (*Id.* at 7-8). Plaintiff attempted to file a grievance with Defendant Bratton, the Assistant Chief Inspector, but Defendant Bratton's decision to "refuse to resolve the grievance" was "frivolous." (*Id.* at 8-9). Next, Plaintiff alleges that three fellow inmates stole over $600 worth of Plaintiff's property. (*Id.* at 11). At no time, according to Plaintiff, did relevant Defendants investigate this theft, despite Plaintiff having reported it via ICRs and grievances. (*Id.* at 12-13).

### B. Procedural History

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on May 11, 2018. (ECF No. 1). Plaintiff then filed a Complaint on May 15, 2018, naming 18 defendants and requesting declaratory judgment, a preliminary and a permanent injunction, compensatory damages, punitive damages, and court costs and attorney's fees.[1] (ECF No. 2 at 16). Plaintiff brings his claims under 42 U.S.C. § 1983, contending that this Court has jurisdiction under 42 U.S.C. § 1983 because of the DRC's dismantling of post-deprivation remedies and the grievance procedure.

Magistrate Judge Vascura filed a Report and Recommendation on May 15, 2018, recommending that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. (ECF No. 3 at 1). The Report and Recommendation also granted Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 3 at 2).

The Magistrate Judge concluded that Plaintiff's claim should be dismissed because Plaintiff failed to state a claim upon which relief can be granted per Fed. R. Civ. P. 8(a). (ECF

---

[1] Plaintiff is proceeding pro se, rendering requests for attorney's fees moot.

No. 3 at 5). Specifically, the Magistrate Judge found that Plaintiff failed to allege sufficiently the inadequacy of the remedies available under Ohio law, resulting in the failure to state a claim. (*Id.*). Further, the Magistrate Judge found that Plaintiff's discussion of the handling of his grievances fails to state a claim for which relief can be granted because there is no inherent constitutional right to an effective grievance procedure. (ECF No. 3 at 7). Thus, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.*).

Plaintiff filed an Objection to the Report and Recommendation (ECF No. 4) on May 23, 2018. Plaintiff responds to the Report and Recommendation by explaining that in order sufficiently to state a claim that is plausible on its face, "[t]he only thing the plaintiff is required to plead and prove is that the state remedies are inadequate." (ECF No. 4 at 2) (citing *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983)). Plaintiff contends that the grievance process is a post-deprivation remedy that, "makes it unnecessary in many cases to file a claim in either the Ohio Court of Claims or Court of Common Pleas." (*Id.*). Thus, Plaintiff concludes that he has exhausted and proven inadequate state post-deprivation remedies and has stated a claim.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915 to "lower judicial access barriers to the indigent", though Congress also recognized that plaintiffs proceeding *in forma pauperis* lacked "an economic incentive to refrain from filing frivolous, malicious, or repetitive suits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To counter this possibility, Congress included subsection (e) as part of the statute. Article 28 U.S.C. § 1915(e) provides, in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

* * *

  (B) the action or appeal

  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Thus, § 1915(e) requires *sua sponte* dismissal of an action if an action is frivolous or malicious or upon determination that the action fails to state a claim upon which relief may be granted. Importantly, however, the complaints drafted by pro se litigants are held to more lenient standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

  Federal Rule of Civil Procedure 8(a)(2) stipulates that a pleading stating a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In simpler terms, the pleader must ground his or her claim for relief in relevant law. If such a claim is not grounded in applicable law, there do not exist grounds for relief.

### III. ANALYSIS

  In *Vicory v. Walton*, the Sixth Circuit established that the "plaintiff must plead and prove that state remedies for redressing the wrong are inadequate" in cases involving the deprivation of property interest. *Vicory v. Walton*, 72 F.2d 1062, 1065-66 (6th Cir. 1983). Furthermore, the Sixth Circuit has also held that there does not exist an, "inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery County County Sheriff's Dep't*, 3 F'Appx. 346, 348 (6th Cir. 2001). Thus, allegations under 42 U.S.C. § 1983 that a jail's grievance procedure is inadequate fail to state a legal claim, as effective jail/prison grievance procedures are not constitutionally guaranteed.

In the present case, Plaintiff contends that this Court has jurisdiction under 42 U.S.C. § 1983. Specifically, Plaintiff asserts the inadequacy of the DRC's grievance procedure. (EFC No. 2 at 9). On various occasions, according to the Plaintiff, DRC employees did not pursue, dismissed, or ignored Plaintiff's ICRs and grievance reports as to his lost and/or stolen property (*See* ECF No. 2). However, per *LaFlame*, Plaintiff does not possess a legal right to an effective prison grievance procedure. Thus, alleging the ineffective and inefficacious nature of the DRC's grievance procedure does not allege the violation of Plaintiff's constitutional rights. Because effective prison grievance procedures are not constitutional rights, Plaintiff has not met the standard established in *Vicory* that requires plaintiffs to demonstrate the inadequacy of state remedies when alleging claims under 42 U.S.C. § 1983. Because a prison's internal grievance procedures are not state remedies, demonstrating their inadequacy does not satisfy the *Vicory* standard.

Because Plaintiff has not demonstrated the inadequacy of state remedies for this claim involving the deprivation of property interest, Plaintiff has not satisfied the *Vicory* standard and has failed to state a claim under Federal Rule of Civil Procedure 8(a)(2), as the claim is not grounded in any legal interest because prison grievance procedures are not constitutionally protected rights per *LaFlame*. Thus, because Plaintiff has failed to state a claim under Federal Rule 8(a)(2), the case is dismissed per 28 U.S.C. §1915(e).

## IV.    CONCLUSION

For these reasons, Plaintiff's Objection is hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. This case is **DISMISSED**.

**IT IS SO ORDERED.**

                                                   **s/Algenon L. Marbley**
                                       **ALGENON L. MARBLEY**
                                **UNITED STATES DISTRICT JUDGE**

**Dated: June 22, 2018**